UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 22-9062-JFW(MRWx)**                                Dated: March 7, 2023

Title:    Jose Castelan -v- Ford Motor Company, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                     None Present
   Courtroom Deputy                                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                              None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS [filed 2/2/2023; Docket No. 23];**

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA [filed 2/3/2023; Docket No. 25]**

   On February 2, 2023, Defendant Ford Motor Company ("Defendant") filed a Motion for Judgment on the Pleadings.   On February 13, 2023, Plaintiff Jose Castelan ("Plaintiff") filed his Opposition and Amended Opposition.  On February 17, 2023, Defendant filed a Reply.

   On February 3, 2023, Plaintiff filed a Motion for Remand to Superior Court of California ("Motion for Remand").  On February 13, 2023, Defendant filed its Opposition.  On February 17, 2023, Plaintiff filed a Reply.

   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found that the matters were appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's March 6, 2023 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    MOTION TO REMAND**

   A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist.*

*Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

For the reasons stated in Defendant's Opposition to Plaintiff's Motion for Remand, and because the Court concludes that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000,  Plaintiff's Motion for Remand is **DENIED**. In particular, the Court concludes that Defendant has established that the amount in controversy includes "base" damages of at least $23,061.59, a civil penalty of two times the amount of Plaintiff's "base" damages, and attorneys' fees in excess of $6,000.

## II.     MOTION FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c).  "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).  As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor.  *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

For the reasons stated in Defendant's moving and reply papers, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.  The Court adopts and signs Defendant's Proposed Statement of Decision Granting Defendant Ford Motor Company's Motion for Judgment on the Pleadings lodged with the Court on February 21, 2023 (Docket No. 33-1).

The parties are ordered to meet and confer and prepare a joint proposed Judgment which is consistent with this Order. The parties shall lodge the joint proposed Judgment with the Court on or before March 10, 2023. In the unlikely event that counsel are unable to agree upon a joint proposed Judgment, the parties shall each submit separate versions of a proposed Judgment, along with a declaration outlining their objections to the opposing party's version, no later than March 10, 2023.

IT IS SO ORDERED.